UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

METROPOLITAN LIFE INSURANCE COMPANY,

                    Plaintiff,                          DECISION AND ORDER
                                                            06-CV-444A
          v.

ANNE M. JACQUES and CRAIG JACQUES,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRAIG JACQUES,

              Counter and Cross-Claimant,

          v.

ANNE M. JACQUES,

                  Cross-Defendant.

═══════════════════════════════

        This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to

28 U.S.C. § 636(b)(1).  Defendant Craig Jacques ("Craig") filed a motion for

summary judgment on February 15, 2008.  On February 24, 2009, Magistrate

Judge Foschio filed a Report and Recommendation, in which he denied Craig's

motion and granted summary judgment to defendant Anne Jacques ("Anne") <u>sua</u>

<u>sponte</u>.  Craig filed objections to the Report and Recommendation on March 20,

2009.  Oral argument on the objections was held on May 8, 2009.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made.  Upon a de novo review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation in part, as follows.

For the reasons stated in the Report and Recommendation, the Court agrees with Magistrate Judge Foschio that it may exercise subject matter jurisdiction over this case.  Accordingly, the Court hereby adopts so much of the Report and Recommendation as pertains to subject matter jurisdiction.

The Court further agrees with Magistrate Judge Foschio that Craig's motion for summary judgment should be denied.  Simply put, there is a factual dispute as to how the Kodak computer system at issue became updated 1) to log a phone call requesting a change of beneficiary;  or 2) to complete execution of that apparent request by replacing Craig with Anne as beneficiary of 50% of the life insurance proceeds in question.  Nonetheless, these updates did find their way into the computer system.  Craig argues, in essence, that the erroneous nature of these updates can be inferred from the absence of direct evidence that Kodak ever received a completed change form.  Anne argues that an affirmative effort to change beneficiaries can be inferred from testimony that Kodak does not change beneficiaries without first receiving a completed change form.  Both parties ask

that the Court draw certain inferences in their favor based on the existing facts.

However, the plausibility of each side's inferences is a question of fact and

therefore not subject to resolution at the summary judgment stage. See Rattner

v. Netburn, 930 F.2d 204, 209 (2d Cir. 1991) ("The function of the district court in

considering the motion for summary judgment is not to resolve disputed issues of

fact but only to determine whether there is a genuine issue to be tried.") (citations

omitted). Accordingly, the Court hereby adopts so much of the Report and

Recommendation as pertains to the denial of Craig's summary judgment motion.

For this same reason plus an additional reason, the Court finds that

summary judgment should not be granted to Anne. "[A]lthough a district court

may, on an appropriate record, grant summary judgment sua sponte—after giving

the party against which the court is contemplating such a decision notice and an

opportunity to present evidence and arguments in opposition—the court, in

considering such a decision, is required to view the record in the light most

favorable to the party against which summary judgment is contemplated and to

resolve all ambiguities and draw all factual inferences in favor of that party.

Summary judgment is not appropriate if the evidence is such that a reasonable

jury could return a verdict in favor of the party against which summary judgment is

contemplated." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168,

178-79 (2d Cir. 2008) (citations omitted). On the merits, a finder of fact could

conclude from the evidence that the decedent did not take any action to

implement an intent to change beneficiaries beyond, possibly, a single telephone call. This conclusion could be reached after drawing all reasonable inferences against Anne, as the Court must when considering a summary judgment motion. See, e.g., Weg v. Macchiarola, 995 F.2d 15, 18 (2d Cir. 1993) (citations omitted). Additionally, the Court notes that Craig did not receive prior notice of the possibility that Anne would receive summary judgment sua sponte. Craig's counsel advises the Court that Craig first learned of that possibility through the Report and Recommendation. Under these circumstances, the Second Circuit discourages the granting of summary judgment sua sponte. See also B.F. Goodrich v. Betkoski, 99 F.3d 505, 531 (2d Cir. 1996) ("[W]e again note that sua sponte summary judgment should generally only be granted after the losing party is given notice and an opportunity to present evidence and arguments in opposition."), overruled on other grounds by N.Y. v. Nat'l Servs. Indus., Inc., 352 F.3d 682 (2d Cir. 2003). Accordingly, the Court declines to adopt Magistrate Judge Foschio's recommendation that Anne receive summary judgment sua sponte.

For the reasons explained above, Craig's motion for summary judgment is denied. As the parties have indicated that discovery is complete, they are directed to appear before the Court on **Wednesday, June 24, 2009 at 9:00 a.m.** for a meeting to set a trial date.

The parties shall have 60 days from the docketing of this decision to make any motions under Rule 39(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

_s/ Richard J. Arcara_

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  May     , 2009